UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON N. ELCHERT,
*et al.*,

    Plaintiffs,

v.

OHIO ASSOCIATION OF
FOODBANKS, *et al.*,

    Defendants.

Case No. 2:18-cv-01
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Sever Plaintiffs' Claims and for Separate Trials (ECF No. 10) pursuant to Federal Rules of Civil Procedure 21 and 42(b) respectively, Plaintiffs' Memorandum in Opposition (ECF No. 11), and Defendants' Reply in Support. (ECF No. 14.) Defendants assert that the claims set forth in Plaintiffs' Complaint do not arise out of the same transaction, occurrence or series of transactions, and no questions of fact and law are common in this action. For the reasons that follow, the Motion is **DENIED**.

### I. BACKGROUND

The Plaintiffs, Jason Elchert ("Elchert"), his husband Dustin Speakman, and Mr. Speakman's mother, Nancy Roscoe were long-term employees of Defendant Ohio Association of Foodbanks ("OAF"). Defendant Lisa Hamler-Fugitt ("Hamler-Fugitt") supervised and ultimately terminated all three Plaintiffs. At the core of the Complaint lies the allegation that Hamler-Fugitt retaliated against Plaintiffs as a result of Speakman speaking out against new leave policies instituted by Hamler-Fugitt by not only terminating his employment, but that of his husband and mother. Plaintiffs further allege that Defendant Hamler-Fugitt discriminated

against the three by terminating them due to their personal disabilities.

Defendants move to sever the Plaintiffs' claims because each individual's claims arise based on their own separate disability. Plaintiffs assert that the claims are related and thus should be brought together.

As relevant to the Motion before the Court, the Plaintiffs' individual allegations as taken from the Complaint are as follows.

Speakman worked at OAF from July 2006 until his termination in January 2016. (Compl. ¶ 9.) At the time of his termination, he was Director of Community Services. (*Id.*) Speakman suffers from bipolar disorder, anxiety, irritable bowel syndrome ("IBS"), and a degenerative disc condition in his back. (*Id.* ¶ 17.)

Elchert worked at OAF from September 2005 until his termination in February 2016. (Compl. ¶ 8.) At the time of his termination, he was Deputy Director of the organization. (*Id.*) Elchert was diagnosed with incurable brain cancer several years prior to his termination. (*Id.* ¶ 18.) While working at OAF, he had two major brain surgeries to remove tumors. (*Id.*) He also suffers from seizures. (*Id.*) In December 2016, Elchert and Speakman adopted newborn twins who were born prematurely. (*Id.* ¶ 19.)

Roscoe worked at OAF from July 2006 until her termination in March 2016. (Compl. ¶ 10.) At the time of her termination, she was manager of the Ohio Benefit Bank Hotline team. (*Id.*) Roscoe suffers from a heart condition and a serious lung disease; chronic obstructive pulmonary disease ("COPD"). (*Id.* ¶15.)

In December 2015, Hamler-Fugitt revised OAF's sick leave policy. Speakman "openly opposed" the new policy in an email to Hamler-Fugitt. (*Id.* ¶ 29.) Hamler-Fugitt instituted disciplinary proceedings against Speakman in the form of a first and second warning as well as a

2

"plan for improvement." (*Id.* ¶¶ 29, 30.) After another incident in January 2016, Hamler-Fugitt placed Speakman on leave before officially terminating his employment on January 13, 2016. (*Id.* ¶ 38.) Defendants placed Elchert on administrative leave on January 11, 2016, until January 25, 2016, "purportedly to avoid any conflict of interest in the investigation of Mr. Speakman." (*Id.* ¶ 40.) Elchert's leave was thereafter extended until February 8, 2016. (*Id.* ¶ 41.) Defendants terminated Elchert's employment by mail on February 5, 2016. (*Id.* ¶ 42.) On March 7, 2016, Defendants terminated Roscoe's employment, stating that the termination was a "reduction of force." (*Id.* ¶ 44.)

Plaintiffs allege that their terminations were the result of Defendants retaliating against Speakman and discriminating based on their individual disabilities.

## II. DISCUSSION

### A. Rule 20(a) Permissive Joinder and Rule 21 Severance

Plaintiffs have chosen to bring their claims together in a single lawsuit. Federal Rule of Civil Procedure 20(a) permits such joinder of plaintiffs so long as the joinder meets the requirements of the Rule. Under Rule 20, a party seeking joinder must establish (1) a "right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "'[C]ourts 'liberally permit joinder under Rule 20(a),' due in no small part to the encouragement given by United States Supreme Court precedent in favor of the joinder of claims, parties, and remedies." *Harper v. Pilot Travel Ctrs., LLC*, Case No. 2:11-cv-759, 2012 U.S. Dist. LEXIS 15030 (S.D. Ohio Feb. 7, 2012) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *see also Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 324 (S.D. Ohio 2002).

3

Defendants contend that Plaintiffs' claims are misjoined under Federal Rule of Civil Procedure 20(a) and move to sever them under Federal Rule of Civil Procedure 21. Federal Rule of Civil Procedure 21 allows courts to sever parties or claims "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "The application of Rules 20(a) and 21 in cases of alleged misjoinder is committed to this Court's sound discretion." *Brantley v. Cinergy Corp.*, Case No. 1:01-cv-378, 2007 U.S. Dist. LEXIS 62904, at *30 (S.D. Ohio Aug. 27, 2007) (denying motion to sever plaintiffs' claims where "each Plaintiff alleges some unique facts in support of his claims" but also "make some parallel or overlapping allegations relating to [defendant's] general work environment and employment practices.") (citing *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1998)).

Defendants' move to sever Plaintiffs' claims by honing in on the factual differences between the Plaintiffs' individual claims. Plaintiffs' distinct claims do not preclude them from bringing suit jointly. *Harper v. Pilot Travel Ctrs., LLC*, Case No. 2:11-cv-759, 2012 U.S. Dist. LEXIS 15030, at *10 (S.D. Ohio Feb. 7, 2012) ("the presence of some material differences between their allegations does not automatically foreclose their claims from being deemed to arise from the same 'transaction or occurrence' for the purposes of permissive joinder."). Here, as in *Harper*, Plaintiffs allege a series of discriminatory occurrences as well as a common actor "that would make it inappropriate to sever their claims at this early stage of the case." *Id.* at *11.

Plaintiffs allege that Hamler-Fugitt terminated Speakman in retaliation for his opposition to her new policies and thereafter terminated his mother and husband in further retaliation. Plaintiffs assert their claims should be brought together because examination of Speakman's claim of retaliation will involve not only delving into Defendants' asserted reasons for his termination, but the termination of his husband and mother – both of whom he claims were

4

terminated in retaliation for his actions.

Under the second requirement of permissive joinder, Federal Rule of Civil Procedure 20 requires that "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(B). The Court finds that Plaintiffs have alleged facts to satisfy this requirement. Defendants contend that examination of Plaintiffs' individual disability discrimination claims will require examination of separate facts including each individual's performance history and the reason for each termination. (Mot. to Sever at 5.) While individual facts will need to be examined, there are also allegations of a pattern of retaliation affecting all three Plaintiffs. Furthermore, Plaintiffs allege that the same person was the responsible decision maker in their terminations. Thus, these legal and factual parallels not only sufficiently allow for permissive joinder, but it also appears that severance under Rule 21 would undermine judicial economy.

Finally, Defendants assert that they will suffer undue prejudice if the claims are not severed. The Court is not persuaded. Plaintiffs' familial ties and the pattern of their termination do not amount to undue prejudice as much as it is part of the claims Plaintiffs assert. Accordingly, Defendants' Motion to Sever is **DENIED**.

**B. Separate Trials Under Rule 42(b)**

Defendants also request that this Court order separate trials for each of Plaintiffs. (Mot. to Sever at 9.) Federal Rule of Civil Procedure 42(b) provides that "the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" "to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Defendants assert that the dangers of jury confusion and prejudice renders separate trials necessary under Rule 42(b). At this stage of the case, the Court does not find it appropriate to order separate

trials under Rule 42(b) prior to discovery. *See Harper*, 2012 U.S. Dist. LEXIS 15030, at *17. Defendants may, however, renew their motion for separate trials at a later time.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Sever Plaintiffs' Claims is **DENIED** and for Separate Trials is **DENIED without prejudice**. (ECF No. 10.)

**IT IS SO ORDERED.**

6-19-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**